**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE DAVID HARRIGAN, | No. 10-55024 |
| Plaintiff - Appellant, | D.C. No. 8:09-cv-00446-CJC-MLG |
| v. | |
| LENNAR CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Bruce David Harrigan appeals pro se from the district court's order

dismissing his diversity action alleging state law claims against his former

employer.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Harrigan's claims concerning non-payment of bonuses because he failed to allege facts suggesting that defendant was contractually bound to pay him. *See First Comm. Mort. Co. v. Reece*, 108 Cal. Rptr. 2d 23, 33 (Ct. App. 2001) (the first element to a breach of contract claim is the existence of valid contract); *see also Rennick v. O.P.T.I.O.N. Care*, 77 F.3d 309, 316 (9th Cir. 1996) (there is no contract where a party explicitly chooses not to bind itself).

The district court properly dismissed Harrigan's claim concerning attorney's fees because he failed to allege facts suggesting that the defendant was obligated to reimburse him for such fees. *See* Cal. Civ. Proc. Code § 1021 (each party is to bear his own attorney's fees unless a statute or the agreement of the parties provides otherwise).

Harrigan's remaining contentions are unpersuasive.

Appellee's pending motion is denied.

**AFFIRMED.**